LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
516.826.6500
Joseph Maniscalco, Esq.
Jacqulyn S. Giunta, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
AT BOWLING GREEN

---------------------------------------------------------------------x

In re:                                                  Chapter 7
                                                        Case No: 09-10371-SMB
MARC S. DREIER,

        Debtor.

---------------------------------------------------------------------x

**APPLICATION IN SUPPORT OF AN ORDER DIRECTING THE EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY JOHN C. KIRKLAND, ESQ. UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

        The application (the "Application") of Salvatore LaMonica, Esq., the Chapter 7 Trustee (the "Trustee"), of the estate of Marc S. Dreier (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, in support of his request for an Order pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure (the "Rules"), directing the examination of John C. Kirkland, Esq. (the "Witness") under oath and the production of records, documents and all contact information relating to the outstanding accounts receivable of the Witness' clients while an attorney at Dreier Stein Kahan Brown Woods George, LLP (the "Firm") in the Witness' possession, custody or control, and respectfully sets forth and represents as follows:

## BACKGROUND

    1.    On December 4, 2008, in <u>United States of America v. Marc Dreier</u>, the United States Attorney for the Southern District of New York filed a criminal complaint alleging that the Debtor committed securities and wire fraud.

    2.    On January 12, 2009, the Honorable Colleen McMahon, sitting in Part I, signed a Consent Order for Extension of Pre-Indictment Restraining Order and Seizure of Property Pursuant

to 18 U.S.C. § 982(b)(1) and 21 U.S.C. §§ 853(e) and (f).

3. The Consent Order authorized the United States Marshals Service to seize and maintain custody of, among other things, the properties pending the resolution of the criminal action.

4. On January 26, 2009, an involuntary petition was filed against the Debtor by petitioning creditors, Sheila M. Gowan, Esq., Trustee for Chapter 11 Estate of Dreier LLP, Wachovia Bank, N.A. and Steven J. Reisman, Post-confirmation Representative of the Bankruptcy Estates of 360 networks (USA) Inc., for relief pursuant to Chapter 7 of the Bankruptcy Code.

5. An Involuntary Summons was issued on January 28, 2009. The Involuntary Summons was served on the Debtor on January 30, 2009. An Order for relief was entered on February 27, 2009.

6. By Notice of Appointment dated March 2, 2009, Salvatore LaMonica, Esq. (the "Trustee") was appointed as the interim Chapter 7 Trustee of this estate and is currently acting in that capacity.

7. Since the Trustee's appointment, he has retained professionals to conduct and investigation into the financial affairs of the Debtor and has been working with the United States Attorney and other professionals in connection with marshaling the Debtor's assets.

## THE APPLICATION

8. This Application is made under Rule 2004 for entry of an Order directing the examination, under oath, of the Witness and for the production of the records, documentation and contact information by the Witness as set forth in the annexed Order.

9. Rule 2004 provides "[o]n motion of any party in interest the court may order the production of documents with regard to the liabilities and financial condition of the debtor or to any matter which may effect the administration of the debtor's estate...." See Fed R. Bankr. P.

2004; see also Martin v. Keybank of New York, 208 B.R. 807, 810 (N.D.N.Y. 1997) (the general rule is that the scope of a Rule 2004 Examination is very broad and great latitude of inquiry is ordinarily permitted); In re CENA's Fine Furniture Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("the scope of a Rule 2004 examination is unfettered and broad examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds") (internal citations omitted); In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (noting that Rule 2004 examinations have been likened to "fishing expeditions into general matters and issues regarding the administration of the bankruptcy estates").

10. The Debtor was the sole member of the Firm. As such, all the Firm's assets, including the accounts receivable, are deemed property of the estate pursuant to § 541 of Title 11 of the United States Code. Upon his appointment, the Trustee began the process of liquidating and dissolving the Firm's assets as part of the administration of the estate. This included meeting with senior partners at the Firm in California, inspecting the premises and locations the Firm operated from and coordinating with the financial officer to obtain information regarding the Firm's accounts receivable and work in progress (the "WIP").

11. In an attempt to accomplish the liquidation of the Firm's assets in an efficient and professional manner, the Trustee, through his counsel, provided each of the Firm's former attorneys with an individual workbook of the clients' outstanding accounts receivable. The Trustee has received the cooperation from many of the Firm's former attorneys.

12. The Witness, however, despite repeated professional requests, has refused to cooperate with the Trustee, return a phone call or provide information regarding accounts receivable of the Firm that he is in control. Specifically, the Witness has failed to respond to countless telephone calls, emails and letters from the Trustee and his counsel. The Witness maintained an extensive receivable workbook with the Firm and has failed to provide information

regarding the clients and payment from those clients for legal services rendered to the Firm. The Witness is also working at another law firm and, upon information and belief, is conducting legal services for the same clients at his new law firm.

13. As a result of the Witness' wilful refusal to cooperate with the Trustee, there remains a significant portion of Firm's accounts receivable outstanding. Unfortunately, the Witness has chosen not to cooperate with the Trustee in connection with the turn over of information regarding client receivables of his WIP. Accordingly, the Trustee respectfully requests that the Court enter an Order directing the Witness to turn over any records, documents and all contact information relating to his clients' accounts receivable at the Firm.

14. A proposed Order (the "Proposed Order") is annexed as Exhibit "A". Under the Proposed Order, responsive documents are to be turned over to the Trustee's counsel by the date set forth in the Subpoena issued in accordance with Federal Rule of Civil Procedure 45, made applicable by Rules 9016 and 2004(c), which the Subpoena shall provide the Witness with no less than ten (10) days for the production of documents following service of the Subpoena. The form of the Subpoena is annexed as Exhibit "B".

15. Furthermore, the Trustee respectfully requests that service of the annexed Proposed Order and Subpoena by certified mail service upon the Witness at the address of his current place of employment, Luce Forward Hamilton & Scripps, LLP, directed to his attention, be deemed good and proper service of such Order and Subpoena.

16. By virtue of the foregoing, the Trustee respectfully submits that he is entitled to the relief requested herein.

17. The Trustee has not filed a previous application for the relief sought herein to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the annexed Proposed Order and for such other and further relief as this Court deems just and proper.

Dated: Wantagh, New York
May 10, 2009

                                      **LAMONICA HERBST & MANISCALCO, LLP**
                                      Attorneys for the Chapter 7 Trustee

                By:    */s Joseph S. Maniscalco*
                       Joseph Maniscalco, Esq.
                       A Member of the Firm
                       3305 Jerusalem Avenue, Suite 201
                       Wantagh, New York 11793
                       516.826.6500

M:\Documents\Company\Cases\Dreier, Marc\2004 Applications\Kirkland Application.wpd