LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
516.826.6500
Joseph Maniscalco, Esq.
Jacqulyn S. Giunta, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
AT BOWLING GREEN
-------------------------------------------------------------------x
In re:                                          Chapter 7
                                                Case No: 09-10371-SMB
MARC S. DREIER,

       Debtor.
-------------------------------------------------------------------x

## AMENDED APPLICATION IN SUPPORT OF AN ORDER DIRECTING THE EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY JOHN C. KIRKLAND, ESQ. UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The amended application (the "Application") of Salvatore LaMonica, Esq., the Chapter 7 Trustee (the "Trustee"), of the estate of Marc S. Dreier (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, in support of his request for an Order pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure (the "Rules"), directing the examination of John C. Kirkland, Esq. (the "Witness") under oath and the production of records, documents and all contact information relating to the outstanding accounts receivable of the Witness' clients while an attorney at Dreier Stein Kahan Brown Woods George, LLP (the "Firm") in the Witness' possession, custody or control, and respectfully sets forth and represents as follows:

### BACKGROUND

1.     On December 4, 2008, in <u>United States of America v. Marc Dreier</u>, the United States Attorney for the Southern District of New York filed a criminal complaint alleging that the Debtor committed securities and wire fraud.

2.     On January 12, 2009, the Honorable Colleen McMahon, sitting in Part I, signed a Consent Order for Extension of Pre-Indictment Restraining Order and Seizure of Property Pursuant

to 18 U.S.C. § 982(b)(1) and 21 U.S.C. §§ 853(e) and (f).

3. The Consent Order authorized the United States Marshals Service to seize and maintain custody of, among other things, the properties pending the resolution of the criminal action.

4. On January 26, 2009, an involuntary petition was filed against the Debtor by petitioning creditors, Sheila M. Gowan, Esq., Trustee for Chapter 11 Estate of Dreier LLP, Wachovia Bank, N.A. and Steven J. Reisman, Post-confirmation Representative of the Bankruptcy Estates of 360 networks (USA) Inc., for relief pursuant to Chapter 7 of the Bankruptcy Code.

5. An Involuntary Summons was issued on January 28, 2009. The Involuntary Summons was served on the Debtor on January 30, 2009. An Order for relief was entered on February 27, 2009.

6. By Notice of Appointment dated March 2, 2009, Salvatore LaMonica, Esq. (the "Trustee") was appointed as the interim Chapter 7 Trustee of this estate and is currently acting in that capacity.

7. Since the Trustee's appointment, he has retained professionals to conduct and investigation into the financial affairs of the Debtor and has been working with the United States Attorney and other professionals in connection with marshaling the Debtor's assets.

## **THE APPLICATION**

8. On May 12, 2009, this Court entered an Order directing the examination of the Witness and requiring him to produce documents and information (the "Rule 2004 Order"). On June 1, 2009, the Trustee received payment from a client purportedly represented by the Witness at the Firm. The payment was remitted to the Firm with no underlying invoice attached. The most interesting part of the payment was that it was made payable to John Kirkland, individually, and <u>not</u> the Firm. When representatives of the Trustee attempted to contact Mr. Kirkland, he was

unresponsive. When representatives of the Trustee attempted to contact Mr. Kirkland's secretary regarding the payment, no response was provided. The Trustee's representatives even attempted to contact the client who made the payment. No response was provided. As such, the Trustee suspects that Mr. Kirkland, an attorney practicing law under the laws of the State of California, may be engaging in misappropriation and fraud. The Trustee questions the diversion of a receivable of the Firm made payable to Mr. Kirkland individually. Instead of jumping to conclusions, however, the Trustee has repeatedly attempted to reach out to Mr. Kirkland. While he does read the emails, he fails to respond to any inquiries.[1] As a result of this new information, the Trustee seeks to expand the scope of the Rule 2004 Order to include Mr. Kirkland's personal banking information. Specifically, the Trustee seeks direct financial information from Mr. Kirland and each of his clients related to payments made by the clients and whether the payments for legal services provided by the Firm were diverted to Mr. Kirkland, personally.

9. The Witness, despite repeated professional requests, has refused to cooperate with the Trustee, return a phone call or provide information regarding accounts receivable of the Firm that he is in control. The Trustee believes that the witness is engaging in purposeful and intentional tortuous interference with the bankruptcy estate. If he is diverting the Firm's receivables to himself personally, his evasive and diversionary tactics are quite telling. Since the Witness has maintained an extensive receivable workbook with the Firm and has failed to provide information regarding the clients and payment from those clients for legal services rendered to the Firm, it is imperative that the Trustee examine Kirkland and obtain documents in his possession.

10. As a result of this new information, the Trustee requests an Order expanding the scope of the Rule 2004 Order to include additional information related to Kirkland and the payments received from his clients.

---

[1] If the Trustee's suspicions were without merit, one would suspect Mr. Kirkland to respond. He has not done so.

11. A proposed amended Order (the "Amended Order") is annexed as Exhibit "A". Under the Amended Order, responsive documents are to be turned over to the Trustee's counsel by the date set forth in the Subpoena issued in accordance with Federal Rule of Civil Procedure 45, made applicable by Rules 9016 and 2004(c), which the Subpoena shall provide the Witness with no less than ten (10) days for the production of documents following service of a Subpoena.

12. By virtue of the foregoing, the Trustee respectfully submits that he is entitled to the relief requested herein.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the annexed Amended Order and for such other and further relief as this Court deems just and proper.

Dated: Wantagh, New York
June 15, 2009

**LAMONICA HERBST & MANISCALCO, LLP**
Attorneys for the Chapter 7 Trustee

By: */s Joseph S. Maniscalco*
Joseph Maniscalco, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
516.826.6500

M:\Documents\Company\Cases\Dreier, Marc\2004 Applications\Kirkland Application Amended.wpd