FOX ROTHSCHILD LLP
Fred Stevens
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

*Attorneys for Elisa P. Dreier*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
In re                                                             :        Chapter 7
                                                                       :
MARC S. DREIER,                                         :        Case No. 09-10371 (SMB)
                                                                       :
                                    Debtor.              :
----------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ELISA P. DREIER REGARDING THE FIRST INTERIM APPLICATIONS FOR COMPENSATION OF THE CHAPTER 7 TRUSTEE AND HIS PROFESSIONALS**

TO THE HONORABLE STUART M. BERNSTEIN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Elisa P. Dreier ("Ms. Dreier"), the ex-wife and creditor of Marc S. Dreier, the above-captioned debtor (the "Debtor"), by her undersigned counsel, Fox Rothschild LLP, as and for her statement and limited objection with respect to the first interim applications of (i) LaMonica Herbst & Maniscalco LLP, general counsel to Salvatore LaMonica (the "Trustee"), chapter 7 trustee of the Debtor's estate, (ii) CBIZ Accounting tax and Advisory of New York, LLC, Trustee's accountants and financial advisor, and (iii) David R. Maltz & Co., Inc., Trustee's auctioneers, upon information and belief, respectfully sets forth and represents:

**PRELIMINARY STATEMENT**

1.  Ms. Dreier married the Debtor in 1987. In 2003, the couple separated permanently, and in 2008, a judgment of divorce was entered. The couple entered into a certain separation agreement, dated December 18, 2003 (the "Separation Agreement"), which, among

other things, determined Ms. Dreier's entitlement to alimony, support and maintenance from the Debtor for herself and the couples' two children, Spencer and Jackie, now 20 and 17 (then 14 and 11), respectively.

2. As this Court is well-aware, on or around July 20, 2009, the Debtor was sentenced to twenty years in federal prison in connection with his guilty plea on eight counts including fraud, larceny and embezzlement. When the Debtor is scheduled to be released from prison on October 26, 2026, he will be seventy-six years old, and his children will be in their late-thirties. Absent a miracle, collecting on Ms. Dreier's claim against this bankruptcy estate is quite possibly the only chance she has of recovering on the Debtor's obligations to care for her and her children.

3. It is important to note that the Debtor's obligations under the Separation Agreement were set prior to his legal transgressions and were based upon his "actual" income as a practicing attorney. All throughout the period where the Debtor was committing criminal acts and buying yachts, fancy cars, multiple luxury homes and private jets, his obligations under the Separation Agreement remained the exact same as they were when he supposedly had very little other than his law license and a fledgling law firm.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

4. By their respective applications, the Trustee and his professionals are collectively seeking first interim allowances of fees and reimbursement of expenses of $913,245.10 and $64,753.67, respectively. At this time, Ms. Dreier has no objection to the reasonableness of the fees and reimbursement sought, although she, like all estate stakeholders, reserves her rights to make such objections at the final hearing. However, Ms. Dreier has a

2

NY1 448012v1 11/11/09

number of concerns about the priority of professional fees, and the timing and source of payments.

5. First, Ms. Dreier has asserted a claim for amounts due her pursuant to the Separation Agreement of approximately $7.1 million[1]. A large amount of Ms. Dreier's claim is in the nature of a domestic support obligation, and thus, entitled to a first priority pursuant to section 507(a)(1)(A) of the Bankruptcy Code, which is senior to any and all unsecured claims, except to the extent that the Trustee or his professionals are entitled to be paid ahead of Ms. Dreier "to the extent that the [T]rustee administers assets that are otherwise available for the payment of [Ms. Dreier's domestic support obligation claim]", pursuant to section 507(a)(1)(C).

6. Ms. Dreier understands that the Trustee has certain issues with her claim, including, most significantly, whether certain amounts due under the Separation Agreement can be accelerated. Still, Ms. Dreier would like to come to an agreement regarding the liquidation of her claim before funds leave the estate. To the extent Ms. Dreier's claim is a legitimate section 507(a)(1)(A) priority, it should be paid at the same time as professionals entitled to a carve-out of her claim pursuant to section 507(a)(1)(C). Although liquidating her claim entirely before the instant fee applications are heard may be a practical impossibility, it seems that the Trustee and Ms. Dreier could agree that a certain amount of her claim is not contested and can be paid contemporaneously with any interim fees awarded. Then, any disputed amount of her claim can be liquidated in the near future by agreement or litigation.

7. Second, a great deal of the fees sought by the Trustee's professionals are for work done liquidating a number of pieces of real estate seized by the government in connection with the criminal proceedings against the Debtor as provided for in a certain

---

[1] Ms. Dreier has not yet filed a proof of claim in this case, although she intends to do so well before the January 19, 2010 deadline. Ms. Dreier did alert the Trustee to her claim and the basis therefore in and around May 2009.

3

stipulation between the Debtor, Trustee, United States and Wachovia Bank, N.A., and "So Ordered" by Judge Rakoff in the criminal proceeding of U.S.A. v. Marc Dreier, Case No. 09-cr-85 (S.D.N.Y. Apr. 30, 2009). For example, Mr. Maltz's total fee request of $394,500, is for commissions earned in the sale of the government's property. The stipulation does provide for a carve-out of the proceeds of the sale of the government's assets to cover anticipated administrative expenses associated with the sales. Ms. Dreier is concerned that if the carve-out is insufficient, the estate will be picking up the tab for the liquidation of the government's property, which clearly benefits the government and not the estate. That said, upon consult with the Trustee, the Trustee has represented that the carve-out is sufficient to pay for all associated administrative costs. However, Ms. Dreier wants to reserve her rights to raise this issue at the final hearing after she has had a thorough opportunity to review the actual accountings.

8. As stated above, Ms. Dreier is not objecting to the Trustee's or his professionals' fee requests on reasonableness grounds at this time. Nor is Ms. Dreier opposed to seeing the Trustee and his professionals get paid for their efforts on a timely basis. That said, Ms. Dreier points out the impossible circumstance that she is in given that she has not collected a penny in support since late-2008, and her ongoing claims for maintenance and support, however non-dischargeable, are worthless given that the Debtor is serving a twenty-year sentence in a federal penitentiary, unless she can collect on her claim against the Debtor's bankruptcy estate. Accordingly, under the circumstances, Ms. Dreier believes that she should be paid now at least that portion of her claim that is entitled to a section 507(a)(1)(A) priority and not subject to dispute. Also, Ms. Dreier reserves her right to object and/or request disgorgement of any payment made to professionals from the estate for work done for the benefit of the government,

4

in the event that, upon review of full accountings, the government has not paid the estate for such work.

Dated: New York, New York
November 12, 2009

Respectfully submitted,

FOX ROTHSCHILD LLP

By: *s/ Fred Stevens*
Fred Stevens
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

*Counsel to Elisa P. Dreier*