UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                            :
                                                  :          Chapter 7
    MARC S. DREIER,              :          Case No. 09-10371 (SMB)
                                                  :
                   Debtor.    :
-------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION FOR RELIEF FROM
## THE AUTOMATIC STAY AND ABSTENTION

**A P P E A R A N C E S:**

PRYOR CASHMAN LLP
Attorneys for Elisa P. Dreier
7 Times Square
New York, NY 10036-6569

    Mark R. Jacobs, Esq.
    Robert M. Fleischer, Esq.
    Seth H. Lieberman, Esq.
        Of Counsel

LAMONICA HERBST & MANISCALCO, LLP
Attorneys for Chapter 7 Trustee
3305 Jerusalem Avenue
Wantagh, NY 11793

    Gary F. Herbst, Esq.
    Holly Rai, Esq.
        Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

       The estate of Marc S. Dreier ("Marc") and his former spouse Elisa P. Dreier ("Elisa") are currently involved in a dispute regarding the extent and priority of the domestic support obligations owed to Elisa under the Dreiers' Stipulation of Settlement, dated Dec. 18, 2003 (the "Settlement"). The primary issue is whether Marc's pre-petition default accelerated all of the domestic support obligations payable under the Settlement.

Elisa has moved for a declaration that the automatic stay does not prevent the state court from deciding whether the domestic support obligations accelerated, or alternatively, for relief from the automatic stay to allow the state court to decide the issue. (Motion of Elisa P. Dreier (I) Finding that the Automatic Stay Does Not Apply to the Accelerated DSO Obligation, or, in the Alternative, (II) Granting Relief from the Automatic Stay for Cause if the Automatic Stay Does Apply, and (III) Abstaining From a Determination of the Accelerated DSO Obligation, dated Aug. 5, 2010 (the "Motion") (ECF Doc. # 219).) The Motion also asks the Court to abstain from ruling on the acceleration question. The Motion is denied in all respects for the reasons that follow.

## BACKGROUND

The material facts are undisputed. The Dreiers married in 1987. In 2003, they separated and entered into the Settlement. (See Motion, Ex. A.) The Settlement, inter alia, provided for the payment of alimony, support and maintenance (i.e., the domestic support obligations) for the benefit of Elisa and their two children. The obligations were payable on a periodic basis for many years into the future, and according to Elisa, aggregated in excess of $7 million. For the purposes of this Motion, I accept Elisa's contention that Marc defaulted in the payment of the domestic support obligations in December 2008 and a notice of default was sent in accordance with the provisions of the Settlement at that time. Marc's creditors filed an involuntary chapter 7 petition on January 26, 2009, after the default. Relief was ordered on February 27, 2009, and Salvatore LaMonica, Esq. is the duly appointed chapter 7 trustee ("Trustee").

The principal dispute concerns the priority of Elisa's claim for domestic support obligations under the Settlement. Section 507(a)(1) of the Bankruptcy Code grants a priority to

the allowed unsecured domestic support obligations claims that "as of the [petition date], are owed to or recoverable by a . . . former spouse, or child of the debtor." Contending that all of the domestic support obligations had accelerated as a result of Marc's pre-petition default, and hence, were owed to and recoverable by Elisa and their children as of the petition date, Elisa filed a priority proof of claim on or about November 17, 2009, in the amount of $7,105,102.

Elisa initially referred to the acceleration question when she objected to the applications for compensation filed by the Trustee's counsel, accountant and auctioneer. (Limited Objection and Reservation of Rights of Elisa P. Dreier Regarding the First Interim Applications for Compensation of The Chapter 7 Trustee and His Professionals, dated Nov. 12, 2009 ("Limited Objection") (ECF Doc. # 100).) She asserted that she held a substantial claim for domestic support obligations that was entitled to a first priority under Bankruptcy Code § 507(a)(1)(A).[1] (Id. at ¶ 5.) Acknowledging the Trustee's disagreement with her position that the domestic support obligations had accelerated, (id. at ¶ 6), she requested that she immediately receive the portion of her priority claim that was undisputedly due as of the petition date. (Id. at ¶ 8.) She referred to her "impossible circumstance" that she had not collected a penny since late 2008, and although she held non-dischargeable claims against Marc for ongoing maintenance and support, those claims "are worthless given that the Debtor is serving a twenty-year sentence in a federal penitentiary, unless she can collect on her claim against the Debtor's bankruptcy estate." (Id.) Elisa and the Trustee ultimately stipulated to the payment in the sum of $106,485, with a full reservation of rights by the parties. (Stipulation and Agreed Order Between Chapter 7 Trustee and Elisa P. Dreier, Providing for the Payment of a Certain Claim Entitled to Priority Under 11 U.S.C. § 507(a)(1)(A), signed Jan. 22, 2010 (ECF Doc. # 123).)

---

[1] She had not yet filed the claim when she asserted her limited objection.

Elisa next raised her priority claim and the acceleration issue in April 2010. The Trustee had filed an application for an interim allowance of commissions and reimbursement of expenses. (Chapter 7 Trustee's Request for a First Interim Allowance of Commissions and the Reimbursement of Expenses, dated Apr. 28, 2010 (ECF Doc. # 164).) Elisa objected, again arguing that the vast majority of her claim for domestic support obligations was entitled to a first priority distribution, and with certain exceptions, ahead of the Trustee's compensation claim. (Objection of Elisa P. Dreier to Chapter 7 Trustee's Request for a First Interim Allowance of Commissions and the Reimbursement of Expenses, dated May 17, 2010, at ¶¶ 7–9 (ECF Doc. # 176).) This time, she maintained that it would be premature to pay the Trustee interim compensation "unless and until the Court determines that Trustee's claim for such commissions is entitled to priority over the Settlement Claim." (Id. at ¶ 10.)

The Court conducted a hearing on June 10, 2010, and overruled the objection. The Court did not decide the acceleration dispute, but expressed skepticism regarding Elisa's position, observing that the Settlement lacked an acceleration clause. (Transcript of hearing, held June 10, 2010, at 18–20 (ECF Doc. # 202).)

Elisa filed the Motion nine months later, in August 2010. Shortly thereafter, the Trustee filed a motion seeking an order disallowing a portion of Elisa's claim and reclassifying a portion as a general unsecured, non-priority claim. (Chapter 7 Trustee's Motion Under Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking Entry of an Order:  (I) Disallowing a Portion of Claim 14 Filed by Elisa Dreier; and (II) Reclassifying a Portion of Claim 14 Filed by Elisa Dreier as a General Unsecured Claim, dated Aug. 10, 2010 (the "Claim Objection") (ECF Doc. # 223).) The Claim Objection is pending, and will be addressed in a separate opinion.

Elisa's Motion seeks the same relief through different procedural routes—relief from the automatic stay to the extent it applies, mandatory abstention and permissive abstention. Ultimately, she wants the state matrimonial court to "clarify" or construe the Settlement, to wit, to decide whether Marc's default accelerated all of the domestic support obligations prior to the petition date in this case, rendering the entire domestic support obligations claim a first priority claim. She does not, however, seek abstention in connection with the Claim Objection, which raises the same issue.

## DISCUSSION

### A.    The Automatic Stay

Section 362(a)(1) automatically stays the commencement or continuation of an action or proceeding that could have been commenced pre-petition, or to recover a pre-petition claim. Elisa's claims arise under the pre-petition Settlement, and the issue she raises relates directly to the collection of that claim that, he maintains, arose pre-petition. Nevertheless, § 362(b) removes certain family law proceedings from the operation of the automatic stay.[2] With certain

---

[2]    Section 362(b)(2) provides that § 362(a)(1) does not operate as a stay:

(A) of the commencement or continuation of a civil action or proceeding -

   (i) for the establishment of paternity;

   (ii) for the establishment or modification of an order for domestic support obligations;

   (iii) concerning child custody or visitation;

   (iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or

   (v) regarding domestic violence;

(B) of the collection of a domestic support obligation from property that is not property of the estate;

(C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute;

5

exceptions that are not relevant, § 362(b)(2) generally allows the non-debtor spouse to collect non-dischargeable domestic support obligations from non-estate property.[3] See 3 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 362.05[2], at 362-57 (16th ed. 2010) ("COLLIER").  "[T]he underpinning of the stay exception is that the obligation is nondischargeable and that the claimant will be entitled to assert the claim at some point anyway."  Id. ¶ 362.05[2], at 362-59.  "The exception in 11 U.S.C. § 362(b)(2) strikes a balance between the goals of protecting the bankruptcy estate from premature disbursement and protecting the spouse and children of the debtor."  Carver v. Carver, 954 F.2d 1573, 1577 (11th Cir.), cert. denied, 506 U.S. 986 (1992).

Elisa first argues that the automatic stay does not prevent a state court from deciding the acceleration issue.  She contends that such a state court litigation falls within the exception of a proceeding "for the establishment or modification of an order for domestic support obligations." 11 U.S.C. § 362(b)(2)(A)(ii).  She is only half right, and therefore wrong.  This provision, which was added in 1994, "clarifies the principle that bankruptcy should not interfere with domestic relations disputes that do not have an adverse impact on the bankruptcy case."  3 COLLIER ¶ 362.05[2], at 362-59.  Consequently, the automatic stay does not prevent Elisa from seeking to collect domestic support obligations from Marc's <u>non-estate</u> property, and pressing the claim

---

    (D) of the withholding, suspension, or restriction of a driver's license, a professional or occupational license, or a recreational license, under State law, as specified in section 466(a)(16) of the Social Security Act;

    (E) of the reporting of overdue support owed by a parent to any consumer reporting agency as specified in section 466(a)(7) of the Social Security Act;

    (F) of the interception of a tax refund, as specified in sections 464 and 466(a)(3) of the Social Security Act or under an analogous State law; or

    (G) of the enforcement of a medical obligation, as specified under title IV of the Social Security Act.

[3]    Bankruptcy Code § 523(a)(5) excepts a domestic support obligation from discharge.

against Marc in state court that Marc's obligations accelerated under the Settlement. Section 362(b)(2) does not, however, allow her to haul the Trustee into state court to litigate the acceleration question, and ultimately, the extent of her priority claim against the estate.

Furthermore, Elisa's cases are distinguishable. She cites <u>Rogers v. Rogers (In re Rogers)</u>, Adv. Pro. No. 05-3368, 2008 WL 1740248 (Bankr. E.D. Tenn. Apr. 11, 2008), and <u>In re Massengill</u>, 227 B.R. 697 (Bankr. S.D. Ind. 1997), in support of her argument that a proceeding to "clarify" a support order falls within the exception of § 362(b)(2)(A)(ii). Both cases involved litigation between the ex-spouses, rather than between the non-debtor ex-spouse and the estate. Moreover, the exception applies to proceedings to "establish" or "modify" an order for domestic support obligations. Elisa is not seeking to modify the Settlement, nor could she; the Settlement can only be modified "in writing and executed with the same formality as [the Settlement]." (<u>Settlement</u>, Art. XVI.) Instead, she is seeking to "clarify" a contractual obligation.

Accordingly, §362(a)(1) precludes Elisa from seeking a determination or clarification in state court against the estate that Marc's domestic support obligations accelerated under the settlement.

Elisa next argues that the Court should grant relief from the automatic stay to the extent that the stay does apply. Section 362(d)(1) of the Bankruptcy Code permits relief from the stay, on motion of a party in interest and after notice and a hearing, "for cause, including the lack of adequate protection of an interest in property of such party in interest." The movant has the initial burden to show "cause" for relief from the stay. <u>Mazzeo v. Lenhart (In re Mazzeo)</u>, 167 F.3d 139, 142 (2d Cir. 1999). The statute does not define "cause," and the courts are guided by

the following factors enunciated by the Second Circuit in <u>Sonnax Indus. Inc. v. Tri Component</u> <u>Prods. Corp. (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280 (2d Cir. 1990):

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

<u>Id.</u> at 1286. Not all of the factors are relevant in every case, <u>Mazzeo</u>, 167 F.3d at 143, and the Court need not assign equal weight to each factor. <u>In re Keene Corp.</u>, 171 B.R. 180, 183 (S.D.N.Y. 1994).

The parties have discussed the first, second, fourth, seventh and tenth factors, and Elisa has also referred to the twelfth factor. Before turning to the factors, it is worthwhile to put the acceleration issue in context. Elisa has asserted a $7 million first priority claim against the estate. Her claim is based on the acceleration of the domestic support obligations under the Settlement, and the resolution turns on the interpretation of the parties' contract. She has submitted herself to this Court's jurisdiction, and her claim raises the very question she wants the state court to decide.

The acceleration issue is otherwise irrelevant. As already noted, Elisa could theoretically pursue her non-dischargeable claim against Marc's own property, and raise the acceleration issue in that context. Even Elisa concedes the futility of such an endeavor. She acknowledges that her

8

non-dischargeable claims against Marc "are worthless given that the Debtor is serving a twenty-year sentence in a federal penitentiary, unless she can collect on her claim against the Debtor's bankruptcy estate."  (Limited Objection at ¶ 8).

In light of these circumstances, the application of the relevant Sonnax factors weighs against stay relief, and accordingly, Elisa's motion for relief from the automatic stay is denied. Initially, the state court and this Court are equally well-suited to interpret the Settlement, and while the state court can grant complete relief, so can this Court (Factor # 1).  Furthermore, the state court is not a specialized tribunal with unique knowledge concerning the meaning of the Settlement (Factor # 4).  The question of acceleration is one of general contract interpretation, and Elisa has not identified any special rules of contract interpretation that apply to matrimonial separation agreements.  Lastly, the disagreement over the acceleration issue is between the estate and Elisa, and not Elisa and Marc.  At bottom, it concerns a question of priority under the Bankruptcy Code rather than a matrimonial contest between the Dreiers.

The resolution of the acceleration question and the extent of Elisa's priority claim will have a significant impact on the administration of the bankruptcy case (Factor # 2) because the extent of Elisa's priority claim will determine whether any other creditors receive a distribution. For example, Elisa asserted her $7 million priority claim in an effort to thwart an interim distribution to the Trustee.  She argued that this Court should first decide the relative priorities before awarding interim compensation.  Now, she wants the state court to rule on the question. Awaiting a state court determination will prejudice the other creditors that stand behind her alleged first priority, and cannot receive a distribution until the dispute is resolved (Factor # 7). In addition, Elisa has not asked this Court to abstain from deciding the Claim Objection, and

deferring to the state court to decide the same question will undermine "the interests of judicial economy and the expeditious and economical resolution of litigation" (Factor # 10).

Finally, although Elisa suggests (and the Trustee disputes) that stay relief will benefit the estate, she has not identified any harm that she will suffer if this Court rather than the state court decides the question. This confirms that the question of acceleration has assumed an importance because of its effect on her priority claim, and not because of its affect on her rights against Marc and his non-estate property. Consequently, the continuation of the stay does not impact her, and the balance of harms does not weigh in favor of stay relief (Factor # 12).

**B.    Mandatory Abstention**

Elisa also contends that mandatory abstention applies to the acceleration issue. Under 28 U.S.C. § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The Court must abstain if "(1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; [and] (6) that action can be timely adjudicated in state court." N.Y. City Employees' Ret. Sys. v. Ebbers (In re WorldCom, Inc. Secs. Litig.), 293 B.R. 308, 331 (S.D.N.Y. 2003). The party seeking mandatory abstention must satisfy all of the requirements, and the failure to satisfy even one factor will be fatal. Trustee of Masonic Hall &

10

Asylum Fund v. Pricewaterhousecoopers LLP, Nos. 08 Civ. 10494 (GEL), 2009 WL 290543, at *4 (S.D.N.Y. Feb. 6, 2009); Kirschner v. Grant Thornton, LLP (In re Refco, Inc. Secs. Litig.), 628 F. Supp. 2d 432, 445 (S.D.N.Y. 2008); WorldCom Secs. Litig., 293 B.R. at 331.

Initially, Elisa is seeking abstention with respect to an issue, and not a case or proceeding; as discussed below, to state court case or proceeding is currently pending. Assuming her request is nonetheless appropriate, mandatory abstention does not apply for three reasons. First, mandatory abstention does not apply to core proceedings. In re Petrie Retail, Inc., 304 F.3d 223, 232 (2d Cir. 2002). "[W]hen a creditor files a proof of claim, the bankruptcy court has core jurisdiction to determine that claim, even if it was a prepetition contract claim arising under state law." In re S. G. Phillips Constructors, Inc., 45 F.3d 702, 705 (2d Cir. 1995); accord In re Manville Forest Prods. Corp., 896 F.2d 1384, 1389–90 (2d Cir. 1990); Statutory Committee of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC), 285 B.R. 822, 830–31 (S.D.N.Y. 2002). Here, the acceleration question arises in the context of the Trustee's Claim Objection, a core proceeding. 28 U.S.C. § 157(b)(2)(B).

Second, the motion is not timely. Section 1334(c)(2) does not define "timely," and courts apply a case-by-case approach. Channel Bell Assocs. v. W.R. Grace & Co., No. 91 Civ. 5485 (PKL), 1992 WL 232085, at *5 (S.D.N.Y. Aug. 31, 1992). The relevant considerations include (1) whether the movant "moves as soon as possible after he or she should have learned the grounds for such a motion," Novak v. Lorenz (In re Novak), 116 B.R. 626, 628 (N.D. Ill. 1990); accord Channel Bell Assocs., 1992 WL 232085, at *5; Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764, 776 (10th Cir. B.A.P. 1997); AHT Corp. v. Bioshield Techs., Inc. (In re AHT Corp.), 265 B.R. 379, 384 (Bankr. S.D.N.Y. 2001); see Waugh v. Eldridge (In re Waugh),

11

165 B.R. 450, 452 (Bankr. E.D. Ark. 1994) (denying motion to abstain filed four months after the complaint was filed where there was complete lack of evidence that motion could not have been filed earlier), (2) whether the moving party has already invoked the substantive process of the federal court on a matter going to the merits of the complaint, and in particular, moved for abstention only after receiving an unfavorable outcome, see First Bank v. Arafat, Civ. A. No. H-05-4337, 2006 WL 2612746, at *3 (S.D. Tex. Sept. 11, 2006) (denying motion to abstain made eight months after commencement of the case, and after the movant had conducted two depositions and the court had denied its motion for summary judgment); Veldekens v. GE HFS Holdings, Inc. (In re Doctors Hosp. 1997, L.P.), 351 B.R. 813, 843 (Bankr. S.D. Tex. 2006) (denying remand motion filed more than eight months after removal and after the bankruptcy court had, "at their request, held a lengthy, full day hearing on their Application for a Preliminary Injunction-which resulted in a ruling against them-and after all three Defendants had filed Motions for Summary Judgment"); AHT Corp., 265 B.R. at 384 (denying motion to abstain after movant received an adverse ruling on its motion to transfer), and (3) "whether the granting of the motion would prejudice or delay the rights of others." Paxton Nat'l Ins. Co. v. British Am. Assocs. (In re Pacor, Inc.), 72 B.R. 927, 932 (Bankr. E.D. Pa.), aff'd, 86 B.R. 808 (E.D. Pa. 1987); accord Deep v. Boies, No. 1:05-CV-1187 (FJS/RFT), 2007 WL 169940, at *2 (N.D.N.Y. Jan. 17, 2007); Gassman v. Gassman, Griper & Golodny, No. 097 Civ. 0093 (RO), 1997 WL 603439, at *1 n.5 (S.D.N.Y. Sept. 30, 1997).

Elisa delayed in making the Motion and offers no excuse. She filed her priority claim in November 2009. The claim was based on her position that Marc's domestic support obligations had accelerated pre-petition. She thereafter raised the issue directly with the Court in April 2010 when she objected to an award of interim compensation to the Trustee, insisting that this Court

12

must first decide the relative priorities as between her and the Trustee. Yet she did not move for mandatory abstention until August 2010. The timing of the Motion was no coincidence; she made it only after the Court expressed serious doubts about her position. Finally, for the reasons discussed, the creditors would suffer prejudice if they had to await a state court determination of the acceleration question – a question that this Court must decide in connection with the Claim Objection.

Third, Elisa has failed to demonstrate that the question will be litigated in a timely manner in state court. The Court is advised that there is no pending action in state court between the parties. According to the Trustee, the state court entered its final judgment in 2008. Elisa would have to return to state court and reopen the divorce proceeding or commence a new proceeding. But there is no pending litigation in which the acceleration question will be decided.

**C.     Permissive Abstention**

Lastly, Elisa asks the Court to abstain in the exercise of its discretion. Pursuant to 28 U.S.C. § 1334(c)(1), a court may abstain from hearing a proceeding within its jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law." Permissive or discretionary abstention was intended to codify non-bankruptcy judicial abstention doctrines. Coker v. Pan American World Airways (In re Pan American Corp.), 950 F.2d 839, 845 (2d Cir. 1991). The factors that govern discretionary abstention include

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.), 94 B 44488 (JGH), 1999 WL 294995, *3 (S.D.N.Y. May 11, 1999) (quoting In re Craft Architectural Metals Corp., 115 B.R. 423, 432 (E.D.N.Y. 1989)); accord Worldcom Secs. Litig., 293 B.R. at 332; Masterwear Corp. v. Rubin Baum Levin Constant & Friedman (In re Masterwear Corp.), 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999).

Several of these factors have already been addressed in connection with Elisa's request for relief from the automatic stay and mandatory abstention. Although the acceleration dispute involves a state law question of contract interpretation, Elisa has failed to demonstrate that it is difficult or unsettled or that the state court has any special expertise in interpreting the Settlement. Moreover, the state law question is directly related to the bankruptcy case. The acceleration is the sole basis for Elisa's priority claim under § 507(a)(1), and is directly related to the Trustee's Claim Objection. Furthermore, the resolution of the acceleration question in the context of the Claim Objection will have a significant impact on the estate, and there is no presently pending proceeding in state court in which this question will be resolved.

Other factors also weigh against abstention. Elisa selected this forum when she filed her claim, and the Trustee is not forum shopping; this is the only forum where he can press his Claim

14

Objection. Elisa is not entitled to a jury trial on the Claim Objection. See Langenkamp v. Culp, 498 U.S. 42, 44–45 (1990) (creditors' filing of claims caused them to lose their right to a jury trial); Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58 (1989) ("a creditor's right to a jury trial . . . depends upon whether the creditor has submitted a claim against the estate"); Katchen v. Landy, 382 U.S. 323, 336 (1966) (allowance or disallowance of claims is triable in equity). While Elisa could raise the same issue in a separate dispute with Marc, that event is unlikely, and no third parties are otherwise involve in the dispute. Finally, the resolution of the dispute is not a burden on the Court's docket. Thus, although some of the factors favor discretionary abstention (state law issues predominate, there is no jurisdictional basis other than bankruptcy jurisdiction), the balance of the factors militates against permissive abstention, and I decline, in the exercise of my discretion, to abstain.

      Based on the foregoing, the Motion is denied in its entirety. Settle order on notice.

Dated: New York, New York
       October 4, 2010

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                              United States Bankruptcy Judge