1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 08-15051-smb

5    - - - - - - - - - - - - - - - - - - - -x

6    In the Matter of:                          Case No.

7    DREIER, LLP, Debtor.                       08-15051-smb

8    - - - - - - - - - - - - - - - - - - - -x

9    In the Matter of:                          Case No.

10   MARC S. DREIER, Debtor.                    09-10371-smb

11   - - - - - - - - - - - - - - - - - - - -x

12   In the Matter of:

13   FEDERAL INSURANCE COMPANY, Plaintiff,      ADV Case No.

14        -against-

15   DREIER, LLP, et al., Defendants.           09-01453-smb

16   - - - - - - - - - - - - - - - - - - - -x

17                   U.S. Bankruptcy Court

18                   One Bowling Green

19                   New York, New York

20

21                   September 23, 2010

22                   10:24 AM

23   B E F O R E:

24   HON. STUART M. BERNSTEIN

25   U.S. BANKRUPTCY JUDGE

1

2  The Gardi Parties' Motion for Leave to take Deposition of Marc

3  S. Dreier (08-15051)

4

5  U.S. Trustee's Objection to Proofs of Claim 374 and 440 (08-

6  15051)

7

8  Status Conference (08-15051)

9

10  Pre-Trial Conference (09-01453)

11

12  The Gardi Parties' Motion for Leave to take Deposition of Marc

13  S. Dreier (09-10371)

14

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:  Dena Page

1

2    A P P E A R A N C E S :

3    ALSTON & BIRD, LLP

4           Attorneys for the Gardi Parties

5           1201 West Peachtree Street

6           Atlanta, GA 30309

7

8    BY:   JOHN E. STEPHENSON, JR., ESQ.

9

10

11   ALSTON & BIRD, LLP

12          Attorneys for the Gardi Parties

13          90 Park Avenue

14          New York, NY 10016

15

16   BY:   ALEXANDER S. LORENZO, ESQ.

17

18

19   KLESTADT & WINTERS, LLP

20          Attorneys for Official Committee of Unsecured Creditors

21          292 Madison Avenue

22          17th Floor

23          New York, NY 10017

24

25   BY:   SEAN C. SOUTHARD, ESQ.

1

2  LAMONICA HERBST & MANISCALCO LLP

3       Attorneys for Chapter 7 Trustee Salvatore LaMonica

4       3305 Jerusalem Avenue

5       Wantagh, NY 11793

6

7  BY:   JACQULYN S. GIUNTA, ESQ.

8

9

10  DIAMOND MCCARTHY LLP

11       Attorneys for Chapter 11 Trustee Sheila Gowan

12       620 Eighth Avenue

13       39th Floor

14       New York, NY 10018

15

16  BY:   STEPHEN T. LODEN, ESQ.

17       HOWARD D. RESSLER, ESQ.

18

19  TROUTMAN SANDERS LLP

20       Attorneys for Federal Insurance Company

21       405 Lexington Avenue

22       New York, NY 10174

23

24  BY:   BRETT D. GOODMAN, ESQ.

25

1                    P R O C E E D I N G S

2          THE CLERK:  Dreier.

3          MR. LODEN:  Good morning, Your Honor.

4          THE COURT:  Good morning.

5          MR. LODEN:  Stephen Loden of Diamond McCarthy on

6    behalf of the Chapter 11 Trustee Sheila Gowan who is also

7    present this morning, as well as my partner, Howard Ressler.

8          MR. STEPHENSON:  John E. Stephenson, Your Honor, of

9    Alston & Bird for the Gardi parties.  Mr. Gardi's also in the

10   courtroom.

11         THE COURT:  How do you do?

12         MR. SOUTHARD:  Good morning, Your Honor, Sean Southard

13   of Klestadt & Winters for the committee.

14         MR. LODEN:  Your Honor, there's a couple of matters on

15   the calendar this morning.  With the Court's permission, I

16   propose that we take up Mr. Gardi's unopposed motion first, and

17   then the adversary proceeding status conference, and then the

18   case status conference --

19         THE COURT:  Okay.

20         MR. LODEN:  -- to wrap up any loose ends.

21         THE COURT:  Go ahead.

22         MR. STEPHENSON:  Your Honor, we have pending before

23   you, as you see from the papers, an unopposed motion to take

24   the deposition of Marc Dreier in the Federal Correctional

25   Institution in Sandstone, Minnesota.  His testimony is

1    necessary, and the parties agree with respect to the pending

2    objections --

3                THE COURT:  Okay.

4                MR. STEPHENSON:  -- in contested matter.  So we'd ask

5    for an order, and then we would work out with the warden at the

6    penitentiary, obviously, the timing of that, which would also

7    be geared to the related matters we'll talk about on the status

8    conference.

9                THE COURT:  Yeah, I saw an unusual motion that I know

10   is on for a couple of weeks from now, but we can talk about

11   that.

12               MR. STEPHENSON:  Right.

13               THE COURT:  All right, does anyone want to be heard in

14   connection with the motion for leave to take Mr. Dreier's

15   deposition?

16               The record should reflect there's no response.  The

17   motion is granted.  As I recall, one of the arguments was he

18   wasn't a client -- or, Mr. Gardi and -- well, the Gardi parties

19   were not clients of the firm, so certainly his testimony is

20   relevant to that.  So that motion is granted; you can submit an

21   order.

22               MR. STEPHENSON:  Thank you.

23               MR. LODEN:  Your Honor, the next matter is the -- what

24   we've been referring to as the Chubb adversary proceeding.  As

25   the Court may recall, that's the adversary proceeding whereby

1    Chubb and Federal Insurance Company sought to rescind the

2    malpractice policy that was issued to the Dreier firm.

3           As the Court is aware, we have reached a settlement

4    with Chubb of that adversary as well as the counterclaims that

5    we have asserted against Chubb.  That settlement is related to

6    a settlement -- excuse me -- to a settlement that is being

7    pursued in the 360networks Chapter 11 case as well in this

8    court -- or, in the Southern District, and that is a settlement

9    between 360networks and Norm Kinel.  Mr. Kinel was the Dreier,

10   LLP partner who was responsible for the 360networks retention.

11   360networks has claims against Mr. Kinel, and Mr. Kinel has

12   asserted that those claims are covered by the policy which is

13   the subject of the rescission adversary before the Court right

14   now.  So resolution of those 360/Norm Kinel necessarily relates

15   to and should precede resolution of the rescission litigation.

16   So that's been what the holdup is in terms of us being able to

17   get a 9019 motion on file in this court to resolve the current

18   adversary proceeding.

19          We're in close contact with counsel for 360networks

20   and for Mr. Kinel.  They tell us that they're working through

21   the issues.  They actually had an initial hearing on their

22   proposed agreement which was rejected by the Court in the 360

23   case.  So they're going back to the drawing board.  They're

24   still committed to the resolution, and they're trying to rework

25   it to satisfy the Court's concerns there.

1          So this is probably the fourth or fifth time that this

2    status conference has been pushed off and then held and then

3    pushed off again.  Unfortunately, I'm asking, for these

4    reasons, for another adjournment today.  And if the Court would

5    be so inclined, what I would suggest is that we put this

6    adversary on a suspense calendar.

7          THE COURT:  We don't have a suspense calendar.

8          MR. LODEN:  I thought you might say that.

9          THE COURT:  So why'd'you ask?

10          MR. LODEN:  If that's -- well, no harm in asking, I

11    suppose.

12          THE COURT:  I suppose.

13          MR. LODEN:  If that's not possible, then set this out

14    sufficiently far away.

15          THE COURT:  Right.

16          MR. LODEN:  I don't think six weeks is going to be

17    enough time again.

18          THE COURT:  Well, why don't we do this?  Look, I'll

19    give you a date, but if you haven't gotten a resolution of the

20    issues in 360, just write a letter explaining that and asking

21    for an adjournment to a later date.

22          MR. LODEN:  That's acceptable, Your Honor.

23          THE COURT:  Let me put it out a couple of months.

24    I'll put it out to December 7th, okay?

25          MR. LODEN:  Okay.

1      Finally, Your Honor, in terms of the overall case

2   status conference, as the Court referred earlier, Mr. Gardi has

3   filed a motion to join JANA with the claims litigation, and as

4   the Court may have saw yesterday, the Chapter 11 Trustee and

5   the Chapter 7 Trustee filed a joint statement in support of the

6   joinder of JANA solely for efficiency purposes.

7      THE COURT:  I had a question about the procedure.  I

8   understand why you want JANA in here, but I would have thought

9   that the Gardi parties would have commenced a proceeding

10  somewhere simply to rescind the settlement agreement on the

11  grounds that it was unauthorized and induced by fraud, not

12  necessarily JANA's fraud, but certainly it was unauthorized.

13  And I assume that you could either join the trustee or the

14  trustees could just agree to be bound by whatever another Court

15  decides.

16      MR. STEPHENSON:  Well, as the Court will recall, we

17  moved to lift stay for that very purpose, to bring an action

18  that would include the trustees.

19      THE COURT:  I thought you moved to lift stay to follow

20  the money.

21      MR. STEPHENSON:  Well, we did, but the issues -- we

22  discussed in that context --

23      THE COURT:  Okay, let's -- first of all, you could

24  probably bring that lawsuit here because it's related -- it's

25  certainly related to this bankruptcy.

1        MR. STEPHENSON:  Funny that you should mention that,

2    Your Honor.  Last night, we filed an adversary proceeding that

3    is effectively a 7001, 2, and 9.

4        THE COURT:  And what relief are you seeking?

5        MR. STEPHENSON:  Judicial determination from this

6    Court about the rights of the parties as it relates to the

7    interest in this proof of claim which turns on whether the

8    fraudulent settlement agreement between the Gardi parties and

9    JANA is enforceable or not.

10       THE COURT:  Well, why don't you just bring a

11   rescission claim?

12       MR. STEPHENSON:  In a separate court?

13       THE COURT:  Well, you can bring it here, presumably.

14       MR. STEPHENSON:  Well, that's --

15       THE COURT:  If you're seeking rescission, that's one

16   thing.  But how can I determine what the relative rights of the

17   parties are?

18       MR. STEPHENSON:  Your Honor, you can and you must --

19       THE COURT:  I know I must; at some point it must be

20   determined.

21       MR. STEPHENSON:  That's correct.  That's correct.  And

22   what we've done by two independent vehicles is given the Court

23   the option, each sufficient and independently supportable to

24   either join JANA under 9021, which you have the authority to

25   do, which in turn looks at Rules 19 and 20 for joinder.

1    THE COURT:  Yeah, I understand.  It just sounded

2  strange to join them in a contested matter in which they're

3  objecting to their claim.  If you bring an adversary proceeding

4  and you're seeking some sort of determination, which sounds to

5  me like it should be a rescission claim, unless you want to

6  ratify the agreement --

7    MR. STEPHENSON:  No.

8    THE COURT:  -- then we don't need it.

9    MR. STEPHENSON:  We are seeking the Court's

10  determination regarding the enforceability of that fraudulent

11  settlement agreement.  You could cast it --

12    THE COURT:  But what are the issues that I'm going to

13  determine in that case?

14    MR. STEPHENSON:  The central issue in the objection

15  filed by the trustee and the joinder --

16    THE COURT:  Forget about the trustee.  This is between

17  you and JANA.

18    MR. STEPHENSON:  Well, it is and it isn't.  The

19  trustee has raised as the central proposition to their

20  objection to the proof of claim that the Gardi parties are not

21  the proper parties to pursue proof of claim.  The reason is,

22  they contend -- and they may well be correct -- that that money

23  doesn't belong to the Gardi parties; it belongs to JANA.  JANA

24  gave it to Dreier and was defrauded by Dreier.  JANA had the

25  risk of loss.  JANA should be pursuing the proof of claim.

1    The Gardi parties filed their proof of claim expressly

2  contingent on a determination by the court.

3    THE COURT:  If I decide what you just said --

4    MR. STEPHENSON:  Yes, sir.

5    THE COURT:  -- are you going to turn around and sue

6  JANA?

7    MR. STEPHENSON:  Of course.

8    THE COURT:  So why don't you just sue to rescind the

9  agreement, the settlement agreement with JANA or just sue them

10  again.  And when they raise the settlement, say it's

11  unenforceable.

12    MR. STEPHENSON:  Here's the problem with that, and

13  that's why we proceeded -- we filed the adversary proceeding.

14  What should have happened, what the law provides rules to

15  prevent, is that we be whipsawed by separate adjudications.

16    THE COURT:  I understand that.  So sue in this court

17  to re -- sue --

18    MR. STEPHENSON:  We --

19    THE COURT:  I haven't heard a rescission claim

20  asserted.  You want me to declare the rights of the parties --

21    MR. STEPHENSON:  We're asking that you declare the

22  fraudulent settlement agreement to be unenforceable so that we

23  have the freedom to sue JANA in another court.

24    THE COURT:  All right.

25    MR. STEPHENSON:  And we've cast it as a declaration of

1  the party's rights under the agreement.

2      THE COURT:  You're free to sue JANA in another court

3  right now, if you want to.

4      MR. STEPHENSON:  Right, and pursue in this court the

5  response for the trustees' objections and get two separate

6  inconsistent results in either of those two cases.

7      THE COURT:  Mr. Stephenson, I understand why you want

8  the relief.  I'm just questioning the procedural mechanism that

9  you've selected to get it.

10      MR. STEPHENSON:  Fair enough.  We filed the adversary

11  proceeding.

12      THE COURT:  All right, remember, declaratory relief is

13  discretionary.  And if I conclude that there's some other way

14  that you can get the same relief in a direct action with a

15  declaratory judgment, I may decline to entertain it.

16      MR. STEPHENSON:  Then the request for relief in the

17  adversary proceeding that was filed last night could be cast

18  both as a request for declaratory relief and an affirmative

19  request that the Court rescind --

20      THE COURT:  Okay.

21      MR. STEPHENSON:  -- the fraudulent settlement

22  agreement.

23      THE COURT:  Okay.

24      MR. STEPHENSON:  But the vehicle is present --

25      THE COURT:  All right.

1          MR. STEPHENSON:  -- to Your Honor's court.

2          THE COURT:  So this motion that you made, do you want

3     to just withdraw that motion?

4          MR. STEPHENSON:  The motion to join?

5          THE COURT:  On the -- yeah, on the objection.

6          MR. STEPHENSON:  We're prepared to go forward on the

7     adversary proceeding --

8          THE COURT:  Yeah.

9          MR. STEPHENSON:  -- if Your Honor would prefer.

10          THE COURT:  I'm not going to decide this objection

11    until we figure out -- well, I know that you have a separate

12    claim that you're applying to the firm, and you'd have a proof

13    of -- you'd have a right to a claim on that basis, whatever

14    that amount might be.

15          MR. STEPHENSON:  Right.

16          THE COURT:  But --

17          MR. STEPHENSON:  Right.

18          THE COURT:  All right.

19          MR. STEPHENSON:  It is true, Your Honor, that the

20    trustees' objection will turn on the outcome of Your Honor's

21    decision on whether to rescind the fraudulent settlement

22    agreement.  And so that issue is a threshold matter with

23    respect to the trustees' objections, and should be litigated

24    and determined, and then the adjudication of their objection --

25          THE COURT:  It will be determined as one action.

1    Except JANA never filed a proof of claim, right?

2          MR. STEPHENSON:  That's right, Your Honor.  JANA

3    never --

4          THE COURT:  So you have a rooting interest in this

5    one.

6          MR. LODEN:  Not only did JANA never file a proof of

7    claim, but we're led to believe that JANA made a strategic

8    decision not to subject itself to this Court's jurisdiction for

9    these reasons.  So --

10          MR. STEPHENSON:  He's led to that belief because we

11    wrote them and said you should file a proof of claim before the

12    bar date; the bar date is X, and they told us to pound sand.

13    Which felt strategic at the time.

14          THE COURT:  Well, I mean, I guess I have nationwide

15    jurisdiction, and as long as it's within the subject matter of

16    the court -- the subject matter jurisdiction of the court --

17    we'll see what JANA says.

18          MR. STEPHENSON:  Yeah, that's right.  Good.

19          THE COURT:  All right, so you filed the -- did you get

20    a summons?

21          MR. STEPHENSON:  It'll be issued, presumably, either

22    tomorrow or Monday.  It was filed last night.

23          THE COURT:  All right.  Unless I hear differently, I

24    would suggest we just adjourn the claim objections to the dates

25    set for the first pre-trial conference and summons.

1    MR. LODEN:  That's perfectly fine, Your Honor.  In

2  fact, we've already reached agreement with Mr. Gardi's counsel

3  to adjourn pending depositions and the like for that very

4  reason, until we know --

5    THE COURT:  All right.

6    MR. LODEN:  -- whether JANA's going to be a party or

7  not.  So --

8    THE COURT:  So do you want me to -- all right, why

9  don't you let chambers know what the pre-trial conference date

10  is when you get the summons issued.

11    MR. LODEN:  Okay.  Your Honor, on a connected note,

12  the initial hearing, or the next hearing on the claims

13  objection was set several weeks ago by the Court to occur on

14  October 21st, and I had written to the Court shortly after that

15  saying that I neglected to check my calendar and I'm not

16  available that day --

17    THE COURT:  Well, I will just adjourn everything to --

18    MR. LODEN:  Right.

19    THE COURT:  It's going to be more than thirty days.

20    MR. LODEN:  It'll be more November, more than likely,

21  I would think.

22    THE COURT:  It will probably be at least forty-five

23  days out.

24    MR. LODEN:  Yes, sir.  Okay, so the 21st is off, as

25  well.

1          THE COURT:  Yeah, just write and remind us.

2          MR. LODEN:  Okay.

3          THE COURT:  Why don't you just write a letter

4     withdrawing without prejudice your motion to join JANA in the

5     claim objection, okay?

6          MR. STEPHENSON:  And Your Honor, I should alert you

7     that the adversary proceeding that we filed last night has an

8     ancillary claim for breach of contract against JANA because if

9     the Court determines that the fraudulent settlement agreement

10    is not in force, then we have right claims for breach against

11    them that we would affirmatively sue.  This Court can sever

12    those and they could be sent elsewhere.

13         THE COURT:  Yeah, I'm not sure I have jurisdiction

14    over that, anyway.

15         MR. STEPHENSON:  Correct, I understand.  But they're

16    brought so that no one says that we waived them in this

17    pleading.

18         THE COURT:  Okay.  What's your adversary number,

19    there?

20         MR. STEPHENSON:  It is 10-3641 --

21         THE COURT:  Okay.

22         MR. STEPHENSON:  -- and 10-3642.

23         THE COURT:  You filed two adversary proceedings.

24         MR. LODEN:  The 7 and 11.  In the Chapter 7 and the

25    Chapter 11.

1          THE COURT:  Oh, I see.  All right.  Probably could've

2    filed --

3          MR. STEPHENSON:  I have courtesy copies for the Court

4    if you want.

5          THE COURT:  Okay.

6          MR. STEPHENSON:  Thank you.

7          THE COURT:  All right, thanks.  You ought to start

8    thinking about consolidating the two adversary proceedings.

9          MR. STEPHENSON:  I was going to ask Your Honor, at

10   least for discovery purposes, if we could do that.

11         THE COURT:  Why don't we wait until JANA shows up?

12         MR. STEPHENSON:  Okay.

13         MR. LODEN:  Yeah.

14         THE COURT:  They might have a different view.

15         All right, anything else?

16         MR. LODEN:  Your Honor, just briefly with respect to

17   other happenings in the case, as I'm sure the Court has seen,

18   Judge Batts in the District Court has --

19         THE COURT:  He did.

20         MR. LODEN:  -- affirmed your decision on GSO.  The

21   window to appeal to the Second Circuit is still open on that

22   issue.

23         As the Court may not have seen is that there is a

24   consensual dismissal of the Verition and trustee's agreement

25   against --

1          THE COURT:  I saw that.  I get the same e-mails you

2     do.

3          MR. LODEN:  Oh, okay.  Okay, great.  So those

4     dismissals were filed yesterday.

5          With respect to other matters, the Court has approved

6     the retention of ASK, the ASK Firm for pursuit of trade

7     preferences.  The Phillips de Pury retention was approved for

8     the art auction.  The 363 sale procedures motion for the art

9     auction is set for next week, a week from today.  As the Court

10    may have seen, we also filed adversary complaints against

11    Amaranth and Patriot for avoidance actions.  Other complaints

12    are coming.

13         THE COURT:  Okay.

14         MR. LODEN:  So unless there are any questions, that's

15    the status update for the Court today.

16         THE COURT:  All right, what do you propose -- does

17    any -- well, before we do that, does anybody else want to be

18    heard in connection with the status of the cases?

19         Okay, the record should reflect there's no response.

20         What do you propose for the next date for a status

21    conference?

22         MR. LODEN:  Your Honor, we'll --

23         THE COURT:  Do you have a date when you're going to

24    have to be there on those -- any of those pre-trials?  We can

25    adjourn it to the pre-trial conference in the Gardi litigation.

1          MR. LODEN:  In the Gardi appeal?  Yeah.

2          THE COURT:  It's going to be within about sixty days,

3     anyway.

4          MR. LODEN:  I think that's reasonable.

5          THE COURT:  All right.  Okay.  Thanks very much.

6          MR. LODEN:  Thank you, Your Honor.

7          MR. STEPHENSON:  Thank you, Your Honor.

8       (Whereupon these proceedings were concluded at 10:39 AM)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                    I N D E X

3

4                        RULINGS

5                             Page      Line

6  The Gardi Parties' Motion 6         17

7  for Leave to take

8  Deposition of Marc S.

9  Dreier Granted

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                      C E R T I F I C A T I O N

3

4    I, Dena Page, certify that the foregoing transcript is a true

5    and accurate record of the proceedings.

6

7

8    _____

9    DENA PAGE

10

11   Veritext

12   200 Old Country Road

13   Suite 580

14   Mineola, NY 11501

15

16   Date: September 24, 2010

17

18

19

20

21

22

23

24

25